**John ROBINSON, Jr., Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 76–72518.

United States District Court, E. D. Michigan, S. D.

Aug. 29, 1978.

*Leonick v. Jones & Laughlin Steel Corp.,* 258 F.2d 48 (2d Cir. 1958).

---

1. It should be noted that actions under the Act are equitable in nature. 38 U.S.C. § 2021,

Gerald D. Owens, Benton, Ill., for plaintiff.

Pamela J. Thompson, Asst. U. S. Atty., James K. Robinson, U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This is a petition for attorney fees in a black lung case. The petition was taken under advisement at a scheduled hearing, attended by counsel for the Secretary only, held on August 9, 1978. The plaintiff, John Robinson, filed an application for benefits in 1970. Following a hearing in 1974, an administrative law judge found he was entitled to benefits. The Appeals Council, on its own motion, reviewed and reversed the decision of the administrative law judge, concluding in April, 1975, that the plaintiff was not entitled to benefits. Mr. Robinson was not represented by counsel during these administrative proceedings.

In June of 1975 the plaintiff's counsel, Mr. Gerald D. Owens, of Benton, Illinois, filed a complaint on the plaintiff's behalf in the United States District Court for the Eastern District of Illinois. The case was transferred to this district in November, 1976. In March, 1978, this Court denied the Secretary's motion for summary judgment, reversed the decision of the Appeals Council, and ordered that benefits be paid to the plaintiff. The Secretary has since determined that the plaintiff is entitled to past due benefits in the amount of $16,157.70. Mr. Owens requests that he be allowed attorney fees in the amount of $4,106.92, which is twenty-five percent (25%) of the past due benefits.

The petition for attorney fees is governed by the relevant provisions of the Social Security Act, 42 U.S.C. 406, which are incorporated by reference into the Coal Mine Health and Safety Act, 30 U.S.C. 923(b). The statute provides that the court may—

". . . determine and allow a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits."

The fee is paid out of the past due benefits to which the plaintiff is otherwise entitled.

In his petition Mr. Owens itemized his time spent on the case as follows:

| Hours | Item |
|---|---|
| 1 | Conference with claimant's representative |
| 5 | Conference with pulmonary expert |
| 10 | Analysis of case |
| 7 | Second conference with pulmonary expert |
| 10 | Preparation and filing of district court case |
| 8 | Examine record and answer of defendant |
| 8 | Examine and research motion to dismiss or transfer |
| 8 | Examine and research motion for summary judgment |
| 10 | Correspondence with claimant |
| 5 | Telephone conferences |
| 5 | Correspondence with courts |
| 5 | Prepare fee petition |
| 83 | (Total hours) |

In contrast to the statement filed by the petitioner, the court file indicates only that Mr. Owens filed a complaint (a three-page document, largely "boilerplate", which made no reference to any of the complex issues of statutory and regulatory law, which were ultimately dispositive of the case, and which was filed in the wrong district), stipulated with the Secretary for an extension of time in which to file motions for summary judgment, and filed a petition for attorney fees. He did not respond to the Secretary's motion to transfer venue, he did not file a motion for summary judgment in his client's behalf, he did not respond to the Secretary's motion for summary judgment, and he did not respond to a

letter from this court granting him additional time in which to file his own motion or respond to the Secretary's motion and advising him that the Secretary's motion would be decided without a responsive pleading if one were not filed by September 12, 1977.

Under these circumstances, an award of 25% of past due benefits undoubtedly would have been inappropriate even if there had been a prompt disposition of the complaint. *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir. 1967). But in fact there was a delay of almost three years between the filing of the complaint and the order of this Court awarding benefits. The plaintiff's attorney, who at least shared the responsibility for much of this delay, should not be allowed to profit from it. *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972).

The Secretary, who quite properly appeared in response to the fee petition, referred to all of the above in urging the Court to allow a considerably smaller fee than that requested by Mr. Owens. But this case is an excellent illustration of this Court's belief that the Secretary alone cannot be expected to adequately protect the individual claimant's interests in a petition for attorney's fees. In his fee petition Mr. Owens asserted that

".   .   . Plaintiff and Petitioner entered into a Retainer Agreement stipulating that the Petitioner is to be paid in the sum of 25 percent of the past-due benefits, if allowed, as and for attorney's fees .   .   ."

and made no mention of any other fee arrangement between himself and his client. Pursuant to this Court's policy of requiring that the attorney's client be provided with a copy of any fee petition filed and an opportunity to respond thereto, a copy of the fee petition was sent to the plaintiff. The Court received a letter from Mr. Robinson, stating in part:

".   .   . I paid him Two Hundred and Twenty four dollars and there never was any other fee discussed or a contract drawn up to that effect   .   .   ."

Mr. Robinson enclosed a copy of a letter from Mr. Owens to himself that tended to confirm the fee agreement of $224.00 and a copy of a cancelled check made out to Mr. Owens in that amount. Mr. Owens was sent a copy of this correspondence from his client by the court. His lack of response lends additional credibility to his client's position.

■ Obviously, the Secretary could not know, and cannot be expected to know, the details of the relationship between a lawyer and his client. When a judgment favorable to a claimant is made at the administrative level, there is a procedure established by regulation which insures that the claimant will have notice and an opportunity to respond to any petition for attorney fees (20 C.F.R. 404.975(d)). There has apparently never been a similar requirement or procedure when a petition is received at the District Court level. But the need is just as great or perhaps, since the amount of money involved will usually be more, even greater. Basic fairness requires that when an attorney claims to be entitled to money that would otherwise go to that attorney's client, the attorney should be required to notify the client of the claim. In the vast majority of cases there will undoubtedly be no disagreement between the client and the attorney. But when there is, the court needs to know about the disagreement in order to be able to make an informed decision. But for the notice to Mr. Robinson in this case, the Court would never have known about the money already paid to Mr. Owens by his client.

■ The Court determines that a reasonable fee for the petitioner's services in connection with this case is $224.00. The plaintiff shall be credited with the amount already paid, and nothing further shall be awarded from the accrued benefits due to the plaintiff.